SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**ANDREW T. HO, OSB #185047**
Assistant United States Attorney
Andrew.Ho@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for the United States of America

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:16-cr-00053-AB** |
| v. | **GOVERNMENT'S RESPONSE IN SUPPORT OF PROBATION** |
| **NICHOLAS BENJAMIN JONES,** | **OFFICER'S SUPERVISED RELEASE VIOLATION RECOMMENDATION** |
| **Defendant.** | |

### I.    Introduction

Defendant Nicholas Benjamin Jones is scheduled to appear before the Court on June 8, 2026, for a hearing regarding the potential revocation of his supervised release based on two alleged violations. The United States is in receipt of the recommendation memorandum filed by U.S. Probation on April 6, 2026. ECF No. 362. For the reasons that follow, the government joins U.S. Probation in recommending that Mr. Jones' supervised release be revoked and that he be sentenced to the Bureau of Prisons (BOP) for a term of seven months with no further term of supervision.

/ / / /

**Government's Response to SRV Recommendation**                                                    1

## II.    Guideline Range

Mr. Jones's alleged violations of Mandatory Condition 3 and Standard Condition 4, result in Grade C violations.  USSG § 7C1.1(a)(3).  As Mr. Jones is in Criminal History Category V, the government agrees with Probation that a Grade C violation results in an advisory guideline range of 7–13 months' imprisonment.  USSG § 7C1.5.

## III.    Probation's Recommendation

Probation recommends that the Court revoke Mr. Jones' term of supervised release and sentence him to seven months in BOP custody, with no reimposition of supervised release.  ECF No. 362 at 3.

## IV.    Government's Recommendation

Mr. Jones' most recent violations relate to drug use and failing to truthfully answer questions from his probation officer.  Mr. Jones began supervision on January 7, 2022, and since then has been found in violation four previous times, including for new law violations.

Mr. Jones does appear to have some stability in his life, including current employment and engagement with substance abuse treatment.  However, like his previous violations, he has continued to struggle with substance abuse and has now failed to truthfully answer his probation officer's questions.  Clear and honest communication with a probation officer is necessary both for a defendant's success while on supervision and for the safety of the community.

Probation has used considerable resources supervising Mr. Jones, including connecting Mr. Jones' with mental health and substance abuse treatment.  It appears that at this stage the probation office no longer believes that supervision is appropriate for Mr. Jones.

The government agrees that given Mr. Jones repeated violations over the past several years, Mr. Jones has demonstrated that he cannot be supervised successfully.  Given Mr. Jones'

**Government's Response to SRV Recommendation**                                           **2**

repeated violations, the government also agrees with probation that his violations warrant a sanction, in this case, the low end of the guideline range.

### V.    Conclusion

The Court should revoke defendant's current term of supervised release and sentence him to seven months' imprisonment with no further reimposition of supervised release.

Dated: June 3, 2026                          Respectfully submitted,

                                             SCOTT E. BRADFORD
                                             United States Attorney
                                             District of Oregon

                                             */s/ Andrew T. Ho*
                                             ANDREW T. HO, OSB #185047
                                             Assistant United States Attorney